CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Daniel Lopez**,<br><br>    Plaintiff,<br><br>   v.<br><br>**Salisbury Family Limited Partnership**, a California Limited Partnership;<br>**El Cholo, Inc** and Does 1-10,<br><br>    Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Daniel Lopez complains of Defendants Consuelo Duran; Jose Duran; Arturo Duran; Jose Hernandez; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility.

2. Defendant Salisbury Family Limited Partnership a California Limited Partnership, owned the property located at or about 1121 Southwestern Ave Los Angeles, CA 90006, California, in May, 2015.

Complaint

3. Defendant Salisbury Family Limited Partnership a California Limited Partnership, owned the property located at or about 1121 Southwestern Ave Los Angeles, CA 90006, California, currently.

4. Defendant El Cholo, Inc owned the El Cholo Restaurant ("El Cholo") located at or about 1121 Southwestern Ave Los Angeles, CA 90006, California, in May 2015.

5. Defendant El Cholo, Inc owned the El Cholo Restaurant ("El Cholo") located at or about 1121 Southwestern Ave Los Angeles, CA 90006, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this

Complaint

district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. The Plaintiff went to El Chollo in May 2015 to eat.

11. El Chollo is a facility open to the public, a place of public accommodation, and a business establishment.

12. Restrooms are one of the facilities, privileges and advantages specifically for patrons of El Chollo.

13. In May 2015, the toilet stall was improperly configured and too small for wheelchair users, measuring 44 inches in width and 100 inches in depth.

14. In May 2015, the restroom had a cabinet style sink that did not provide any knee clearance for wheelchair users.

15. In May 2015, the restroom did not provide for a 60 inch diameter turning radius.

16. Currently, the toilet stall was improperly configured and too small for wheelchair users, measuring 44 inches in width and 100 inches in depth.

17. Currently, the restroom does not provide for a 60 inch diameter turning radius.

18. Currently, the restroom was improperly configured and too small for wheelchair users, measuring less than 60 inches wide by 59 inches deep.

19. Plaintiff would like to return to and patronize El Chollo but will be deterred from visiting until the defendants cure the violations.

20. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

21. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations

Complaint

that could be made to provide a greater level of access if complete removal were not achievable.

22. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

23. Plaintiff is and has been deterred from returning and patronizing El Chollo because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to El Chollo to assess ongoing compliance with the ADA and will return to patronize El Chollo as a customer once the barriers are removed.

24. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

25. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

26. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place

Complaint

of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

27. Where a toilet stall is provided in a restroom in existing facilities, the size and arrangement of the standard toilet stall shall comply with either Fig. 30(a) (standard stall) or Figure 30(b) (alternate stall). 1991 Standards § 4.17.3. A standard stall must be at least 60 inches wide by 56 inches deep (if the toilet is wall mounted) or 59 inches deep if the toilet is floor mounted. 1991 Standards § Figure 30(a). An alternate stall must meet one of two configurations: either (1) be exactly 36 inches by at least 66 inches deep (if the toilet is wall mounted) or 69 inches (if the toilet is

Complaint

floor mounted) and provide front transfer grab bars or (2) be at least 48 inches wide by at least by at least 66 inches deep (if the toilet is wall mounted) or 69 inches (if the toilet is floor mounted) and provide side transfer grab bars. 1991 Standards § Figure 30(b).

28. Here, the toilet stall does not meet any option under the ADA and is in violation of the law.

29. Sinks must provide knee clearance of at least 29 inches in height. 1991 Standards § 4.19.2 and Figure 31; 2010 Standards § 606.2 and 306.

30. Here, no such knee clearance was provided and this is a violation of the ADA.

31. In order for a bathroom to be considered accessible, it must provide unobstructed 60 inches in diameter of turning space. 1991 Standards § 4.23.3; 4.2.3; 2010 Standards § 603.2.1; 304.3.1.

32. Here, there is no such turning radius and the restroom is not accessible.

33. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

34. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

35. Given El Chollo's location, roughly 10 miles from his home, and their menu, which Plaintiff enjoys, Plaintiff will continue to desire to patronize the El Chollo, but he has been, and will continue to be, discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove these barriers that violate the ADA and his right to full and equal access.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

36. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

Complaint

37. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

38. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: April 18, 2016            CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

Complaint